IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEROME TELL,                           :
                                       :
        Petitioner,                    :
                                       :
vs.                                    :
                                       :   CIVIL ACTION 06-0516-CG-M
JERRY FERRELL,                         :
                                       :
        Respondent.                    :


REPORT AND RECOMMENDATION


In this action under 28 U.S.C. § 2254, Petitioner seeks judicial review of the State's revocation of his probation (Doc. 1).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  After consideration, it is recommended that this habeas petition be denied and that this action be dismissed.

Petitioner was convicted of robbery first degree in the Circuit Court of Jefferson County on June 15, 2001 for which he received a split sentence of twenty years with four and one-half years to be served in the State penitentiary, followed by five years of probation (Doc. 1, p. 2).  Tell did not appeal the conviction (Doc. 1, p. 3).  Petitioner filed a complaint with this Court on August 31, 2006, raising the following claims:  (1) Tell's probation was improperly revoked before its commencement; and (2) he was denied the opportunity to appeal the revocation

(Doc. 1).[1]

Respondent initially Answered the Petition by asserting that Petitioner had failed to raise these claims in a Rule 32 Petition in the State Courts (Doc. 8).  Petitioner Replied that the six-month statute of limitations period had run, however, so he was no longer able to file the Rule 32 petition (Doc. 11).  In a supplemental Response, Respondent confirmed that Petitioner's window for seeking redress for the probation revocation in State courts has closed (Doc. 13, pp. 1-3); Respondent further asserted that the claims raised in the petition were procedurally defaulted because they were not raised in timely fashion in the State courts (Doc. 13, pp. 3-4).

It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular

---

[1]Though it indicated in its Order of March 29, 2007 that Petitioner had raised three claims in his petition (Doc. 14), the Court finds that only two distinct, separate claims were raised.

claim in state courts so that they never had the opportunity to address the claim.  In *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), the U.S. Supreme Court further held "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" and that failure to do so constituted procedural default.

The evidence is as follows.  Records from Jefferson County, submitted by Tell, indicate that his probation was revoked on September 19, 2005 (Doc. 1, p. 16).  Petitioner filed a State habeas corpus petition, challenging that revocation, on July 31, 2006 that was denied on August 2, 2006 (*see* Doc. 13, p. 1). Respondent has shown that Petitioner could have filed a State Rule 32 petition to challenge the denial of his State habeas corpus petition (Doc. 13, pp. 1-3).[2]  Petitioner has admitted that he pursued no further State action following the August 2 denial (*see* Doc. 11).

The Court finds that the claims raised in this petition are procedurally defaulted under *O'Sullivan* as they were not raised in a timely manner in all possible state venues before they were raised here.

However, federal review of those claims is not entirely precluded.  The Eleventh Circuit Court of Appeals, in addressing

---

[2]Respondent has also asserted, without citation, that Petitioner could have appealed the denial of his State habeas corpus petition; however, because he did not, the Rule 32 petition would have been the next appropriate State remedy (*see* Doc. 13, pp. 1-3).

the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72,
> 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its
> progeny, noncompliance with a state
> procedural rule generally precludes federal
> habeas corpus review of all claims as to
> which noncompliance with the procedural rule
> is an adequate ground under state law to deny
> review.  If a petitioner can demonstrate both
> cause for his noncompliance and actual
> prejudice resulting therefrom, however, a
> federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations

omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also

avoid the procedural default bar if it can be shown that a

failure to consider the claims will result in a fundamental

miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135

(1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause

nor prejudice for failing to raise these two claims in a timely

manner in the State courts.  Furthermore, Tell has not shown that

this Court's failure to discuss the merit of these two claims

will result in a fundamental miscarriage of justice being visited

upon him.  Therefore, the Court considers the two claims in this

Court to be procedurally defaulted and the Court will not address

their merit.

For the reasoning previously set out, the following

recommendations are made with regard to this habeas petition:

that the petition be denied as the claims are procedurally

defaulted, that this action be dismissed, and that judgment be

entered in favor of Respondent Jerry Ferrell and against Petition

Jerome Tell on all claims.


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a *de novo* determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d
736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404
(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

>     A party may object to a recommendation entered by a
>     magistrate judge in a dispositive matter, that is, a
>     matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
>     a "Statement of Objection to Magistrate Judge's
>     Recommendation" within ten days after being served with
>     a copy of the recommendation, unless a different time
>     is established by order.  The statement of objection
>     shall specify those portions of the recommendation to
>     which objection is made and the basis for the
>     objection.  The objecting party shall submit to the
>     district judge, at the time of filing the objection, a
>     brief setting forth the party's arguments that the
>     magistrate judge's recommendation should be reviewed <u>de
>     novo</u> and a different disposition made.  It is
>     insufficient to submit only a copy of the original
>     brief submitted to the magistrate judge, although a
>     copy of the original brief may be submitted or referred
>     to and incorporated into the brief in support of the
>     objection.  Failure to submit a brief in support of the
>     objection may be deemed an abandonment of the
>     objection.

     A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

        DONE this 18th day of April, 2007.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE